UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL N. MANUEL, | No.  2:25-cv-3389 WBS CSK P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| E. BORLA, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before this Court is petitioner's motion for recall of sentence and re-sentencing, and respondent's motion to dismiss.  (ECF Nos. 6, 12.)  For the following reasons, this Court recommends that petitioner's motion for recall of sentence and resentencing be dismissed without prejudice, respondent's motion to dismiss petitioner's first claim as unexhausted be granted, and petitioner be granted leave to file an amended petition raising only his exhausted claim (second claim).

I.      LEGAL STANDARDS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Id.  Rule 4 also permits summary dismissal of "claims that are clearly not cognizable."  Clayton v. Biter, 868 F.3d 840, 845 (9th Cir. 2017).

1

The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     BACKGROUND

The habeas petition was filed on November 21, 2025. (ECF No. 1.) On December 9, 2025, petitioner filed a motion for recall of sentence and resentencing pursuant to Assembly Bill 600 and California Penal Code § 1172.1. (ECF No. 6.) On March 13, 2026, respondent filed a timely motion to dismiss arguing that the habeas petition should be dismissed as a mixed petition because it contains both exhausted and unexhausted claims, and respondent lodged the state court record. (ECF Nos. 12, 14.) On May 1, 2026, petitioner filed an opposition to the motion to dismiss. (ECF No. 17.) On May 14, 2026, respondent filed a reply. (ECF No. 18.) On May 29, 2026, and June 1, 2026, petitioner filed unsigned documents addressing the merits of his petition. (ECF Nos. 19, 20.)

III.    PETITIONER'S CLAIMS

Petitioner challenges his 2022 conviction from the Sacramento County Superior Court for eighteen counts of lewd and lascivious acts on a child. (ECF No. 1 at 1.) Petitioner is serving a sentence of 42 years to life. (Id.) In his first claim, petitioner alleges that the sentencing court improperly imposed consecutive sentences, despite petitioner being a first time offender, and the sentencing under section 667.71 violates the state and federal constitutions' prohibition of cruel and unusual punishment, citing Article I, section 17 of the California Constitution. (ECF No. 1 at 6-11.) In his second claim, petitioner alleges there was insufficient evidence to support the conviction. (Id. at 12-13.)

IV.     STATE COURT RECORD

Following petitioner's conviction, the California Court of Appeal affirmed the judgment on March 27, 2025. (ECF No. 14-2 (Lodged Document ("LD") No. 2).) Petitioner filed a petition for review in the California Supreme Court. (ECF No. 14-3 (LD No. 3).) In the petition for review filed in the California Supreme Court, petitioner raised the following claims:

2

(1) review should be granted to determine if the prosecution presented sufficient evidence, apart from appellant's own statements, to establish the corpus delicti in this case; and (2) review should be granted to determine if the evidence was insufficient to support convictions on all 18 counts. (ECF No. 14-3 (LD No. 3).)  On June 11, 2025, the California Supreme Court denied the petition for review without comment or citation.  (ECF No. 14-4 (LD No. 4).)

In the motion to dismiss, respondent states that petitioner did not file any state post-conviction collateral challenges related to his conviction.  (ECF No. 12 at 1.)

V.    RESPONDENT'S MOTION TO DISMISS

A.  Petitioner's First Claim is Unexhausted

As observed in respondent's motion to dismiss, petitioner did not raise his sentencing claim in the petition for review filed in the California Supreme Court.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509, 515-16 (1982).  The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court.  See Castille v. Peoples, 489 U.S. 346, 351 (1989).  A claim has been fairly presented if the petition has described both the operative facts and the federal legal theory on which the claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

When a habeas petition presents both exhausted and unexhausted claims, the petition is considered "mixed."  See Dixon v. Baker, 847 F.3d 714, 718 (9th Cir. 2017).  Generally, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Rose, 455 U.S. at 522.

In his opposition to the motion to dismiss, petitioner did not address the issue of exhaustion.  (See ECF No. 17.)  The record demonstrates that the only claims raised in the petition for review filed in the California Supreme Court involved petitioner's claims that there

3

was insufficient evidence to support his conviction.  (ECF No. 14-3.)  Those are the only claims exhausted by petitioner.  Petitioner's first claim challenging his sentence has not been exhausted.  Thus, the habeas petition is a mixed petition which must be dismissed without prejudice.  Rose, 455 U.S. at 522.

        B.  Petitioner's First Claim Also Fails to State a Cognizable Habeas Claim

As argued by respondent, petitioner's first claim challenging his sentence is solely based on California state law, and therefore fails to state a cognizable habeas claim.

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Federal habeas corpus relief "does not lie for errors of state law."  Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.") (emphasis in original)).  A federal habeas petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process."  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.), cert. denied, 522 U.S. 881 (1997); Little v. Crawford, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006), cert. denied, 551 U.S. 1118 (2007).

In his opposition, petitioner did not address the basis of his sentencing claim; rather, petitioner argued the merits of his sentencing claim.  (See ECF No. 17.)[1]  Petitioner's conclusory reference to the federal constitution is insufficient to state a claim for federal habeas relief.  See James v. Borg, 24 F.3d 20, 26 (9th Cir.), cert. denied, 513 U.S. 935 (1994) (conclusory allegations do not warrant habeas relief).  Although petitioner alleges that the state and federal constitutions prohibit cruel and usual punishment, he then cites article I section 17 of the California Constitution.  (ECF No. 1 at 6.)  Indeed, other than this passing reference to the federal

---

[1] Petitioner subsequently filed unsigned documents again addressing the merits of his petition.  (ECF Nos. 19, 20.)  Generally, this Court grants pro se litigants leave to re-file documents bearing their signatures.  See Fed. R. Civ. P. 11(a).  Because the merits of the petition are not at issue here, the Court need not obtain petitioner's signatures.  This Court has reviewed the documents and determined that the unsigned filings do not address respondent's motion to dismiss or the issue of exhaustion, and thus does not consider petitioner's unsigned filings.

constitution, petitioner's focus is on California state law, citing California Penal Code section 1385(b), and various subsections of California's Three Strikes Law (California Penal Code §§ 667(b), 1170.12), as well as California legal authorities.  (Id. at 8-10.)

This Court observes that California Senate Bill 1393 amended two sections of the California Penal Code petitioner cites, §§ 667(a) and 1385(b), to give trial courts discretion to strike a five-year sentence enhancement for a prior felony conviction.  The law went into effect on January 1, 2019 and applies retroactively to cases not final on its effective date.  See Burchett v. Martel, 2020 WL 1847131, at *2 (C.D. Cal. Mar. 11, 2020).  Here, however, petitioner did not have a prior conviction, and his sentence did not include a five-year prior conviction enhancement.  (ECF No. 14-1 (Felony Abstract of Judgment).)  Therefore, Senate Bill 1393 does not apply to petitioner.

Petitioner's first claim challenging his sentence fails to raise federal questions because his allegations amount to non-cognizable challenges to the trial court's exercise of its discretion under state sentencing laws.  See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) ("The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus.") (citation omitted)); Revis v. Diaz, 2021 WL 3847799, at *2 (C.D. Cal. Aug. 26, 2021) ("claim seeking sentencing relief under Senate Bill 1393 is purely a state law matter and does not present any federal question.").  Petitioner had no federal constitutional right to any particular result on these sentencing determinations under state law.  See Townsend v. Burke, 334 U.S. 736, 741 (1948) ("It is not the duration or severity of this sentence that renders it unconstitutionally invalid[.]"); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991) (state prisoner's challenge to the substantive result of his sentencing proceeding is not a cognizable constitutional claim).  Therefore, petitioner's first claim is not cognizable on federal habeas review.

C.  A Stay Would be Futile

Although petitioner did not seek a stay, this Court considers whether a stay is appropriate.

There are two procedures by which petitioner may obtain a stay.  A stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), is appropriate only where (1) the petitioner shows good

cause for his failure to earlier exhaust the claims in state court, (2) the unexhausted claims are not "plainly meritless," and (3) the petitioner has not engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277-278. A stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), does not require a showing of good cause. See King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009). Nevertheless, under both Rhines and Kelly, a stay is not appropriate where it would be futile because, for example, the unexhausted claims are plainly meritless. See Kelly, 315 F.3d at 1070 (a stay is appropriate "when valid claims would otherwise be forfeited"); Montes v. Frauenhiem, 2020 WL 2139334, at *2 (C.D. Cal. Feb. 26, 2020) ("Under both Rhines and Kelly, however, a stay is not appropriate where it would be futile (e.g., because the unexhausted claims are not valid/are plainly meritless).").

Here, because petitioner's first claim seeking a sentence modification based on California state law would be subject to summary dismissal, a stay of these proceedings to allow petitioner to exhaust his first claim is inappropriate. See, e.g., Gonzales v. Pfeffer, 2020 WL 5520597, at *4-5 (C.D. Cal. Aug. 6, 2020) (the petitioner was not entitled to a stay under Rhines or Kelly because his claim concerning denial of his petition for resentencing was not cognizable on federal habeas review); Burchett v. Martel, 2020 WL 1847131, at *2 (C.D. Cal. Mar. 11, 2020) (neither Rhines nor Kelly supported staying petition because the sentencing claim to be exhausted was not cognizable on federal habeas), report and recommendation adopted, 2020 WL 1820518 (C.D. Cal. Apr. 10, 2020); Esparza v. Lizarraga, 2019 WL 6749449, at *2 (C.D. Cal. Aug. 7, 2019) (stay was inappropriate where petitioner's unexhausted claims, including one predicated on Senate Bill 620, would not provide a basis for federal habeas relief), report and recommendation adopted, 2019 WL 5589040 (C.D. Cal. Oct. 28, 2019). Therefore, this Court does not recommend that petitioner be granted leave to file a motion to stay because such motion is futile.

D. Conclusion

For the reasons discussed above, the Court recommends that respondent's motion to dismiss be granted. Only petitioner's second claim raised in the petition is exhausted. Petitioner's first claim was not presented to the California Supreme Court. Therefore, the instant petition is a mixed petition, which must be dismissed. Petitioner should be granted leave to file

an amended petition raising only his exhausted second claim.

VI.    PETITIONER'S MOTION FOR RECALL

On December 9, 2025, petitioner filed a motion for recall of sentence and resentencing pursuant to Assembly Bill 600 and California Penal Code § 1172.1.[2]  (ECF No. 6.)

Assembly Bill No. 600, which took effect on January 1, 2024, amended California Penal Code section 1172.1 "to allow a trial court, on its own motion, to recall a sentence and resentence a defendant when 'applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law.'"  People v. Dain, 99 Cal. App. 5th 399, 412 (2024) (quoting Cal. Penal Code § 1172.1 (a)(1), as amended by Stats. 2023, ch. 446, § 2.), reh'g denied (Feb. 16, 2024), rev'd and remanded, 18 Cal. 5th 246, 573 P.3d 13 (2025). Prior to January 1, 2024, trial courts lacked authority to do so unless the sentence was unauthorized or the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") recommended the sentence be recalled.  See People v. Codinha, 92 Cal. App. 5th 976, 986-97 (2023).

Petitioner's motion raises no claim cognizable on federal habeas review because it is based exclusively on an issue of state law, whether the trial court should exercise its discretion under section 1172.1 to recall petitioner's sentence and re-sentence him.  See, e.g., Wilson v. Cal., 2024 WL 3292592, at *2 (E.D. Cal. June 14, 2024) (claim based on Assembly Bill 600 concerning trial court's discretion to recall sentence not cognizable on federal habeas review because it presented only "an issue of state law"), findings and recommendations adopted by 2024 WL 3638026 (E.D. Cal. Aug. 2, 2024); Nichols v. Pfeiffer, 2019 WL 4014429, at *7 (C.D. Cal. Aug. 26, 2019) (claims premised on CDCR's "fail[ure] to follow applicable rules related to petitioner's request to have the CDCR request to recall [his] sentence under section 1170(d)(1)" was not cognizable because it involved only state law); Harris v. Valenzuela, 2014 WL 4988150,

---

[2]  California Assembly Bill No. 1540, which took effect January 1, 2022, renumbered section 1170(d)(1) as section 1170.03.  See People v. McMurray, 76 Cal. App. 5th 1035, 1038 (2022). Thereafter, Assembly Bill No. 200, which took effect on June 30, 2022, renumbered section 1170.03 as section 1172.1.  See People v. Trent, 96 Cal. App. 5th 33, 41 n.7 (2023) (citations omitted).

at *3 (C.D. Cal. Oct. 7, 2014) (holding that claim based on misapplication of section 1170, "even if it were correct, necessarily fails here, because it does not implicate any federal constitutional concern rectifiable through a grant of federal habeas relief" (citation omitted)); see also Ransom v. Adams, 313 F. App'x 948, 949 (9th Cir. 2009) (affirming summary dismissal of claim that petitioner was entitled to compassionate release under California Penal Code section 3076(b) because claim involved only state officials' failure to follow state law).  Thus, petitioner's motion should be dismissed without prejudice.

VII.   CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's motion for recall of sentence and re-sentencing (ECF No. 6) be dismissed without prejudice.

2.  Respondent's motion to dismiss the petition as a mixed petition (ECF No. 17) be granted.

3.  Petitioner be granted thirty days from the adoption of these findings and recommendations to file an amended petition raising only his exhausted claim (second claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 15, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/manu3389.mtd

8